**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ARNOLD REEVES,<br><br>            Petitioner,<br><br>        v.<br><br>FCI FORT DIX,<br><br>            Respondent. | **Hon. Jerome B. Simandle**<br><br>Civil No. 08-6130 (JBS)<br><br><br>**OPINION** |

APPEARANCES:

    ARNOLD REEVES, #38595-054
    F.C.I. Fort Dix
    Housing Unit Z-03
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE**, District Judge:

Arnold Reeves, a prisoner confined at the Federal Correctional Institution ("FCI") at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the falsification of records and cover-up by his case managers, denial of his request for transfer to MCC Manhattan, and the failure to rule on the substance of his Administrative Remedy Requests.  This Court will summarily dismiss the Petition, without prejudice to any right Petitioner may have to assert his claims in a properly filed action of the kind authorized by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

### I.   BACKGROUND

Petitioner is serving an aggregate 240-month term of imprisonment imposed by the United States District Court for the Southern District of New York, after he pled guilty to conspiracy to distribute and possess, with intent to distribute, one kilogram and more of phencyclidine.  See United States v. Reeves, Crim. No. 96-0325-LAP-1 judgm. (S.D.N.Y. April 17, 2000), aff'd C.A. No. 00-1295 (2d Cir. Aug. 7, 2002).  Petitioner's projected release date is February 1, 2015.  See BOP Inmate Locator http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=38595-054&x=60&y=18 (last accessed Jan. 11, 2009).

Petitioner, who is currently incarcerated at FCI Fort Dix, filed this § 2241 Petition (which the Clerk received on December 12, 2008), together with several documents, including Request for Administrative Remedy dated August 12, 2008, Warden's denial of his Administrative Remedy Request on September 15, 2008, and notices of rejection without prejudice of his administrative appeals.  The Petition raises the following grounds:

> Ground [One]: Fraud was committed by Case Managers Rodriguez and Mr. Walsh after becoming aware of Ms. Rodriguez's offense, actually conspired to conceal Ms. Rodriguez act fo intentionally falsifying petitioners signature.
>
> Ground [Two]: Fort Dix Administrator Warden Grondolsky belligerently disregarded the

2

> clear violations to petitioners Constitutional Rights of the 14th Amendment.
>
> Ground [Three]: Petitioners Constitutional Rights were violated.  Northeast Regional coordinator and Central Office coordinator intentionally conspired to deny petitioner the relief sought, in their effort to cover-up the violations committed.
>
> Ground [Four]: Unit Manager Ms. Knox ask[ed] Mr. Reeves what could she do?  To make the allegation on Reeves BP-9 about the misconduct of Managers Ms. Rodriguez and Mr. Walsh go away?  Reeves replied my demands are on the BP-9.  She replied she was not authorized to comply to my demands.  See Copies of Reeves BP-9.

(Pet. ¶ 10; docket entry #1, p. 3.)

The documents attached to the Petition show that on approximately August 12, 2008, Petitioner submitted a Request for Administrative Remedy asserting that Case Manager Rodriguez committed criminal acts by forging Petitioner's signature on a program review and falsifying documents, and that Case Manager Walsh committed criminal acts by intentionally covering up on March 16, 2008.  He asserts that, because the Warden did not respond within the required response period, Petitioner considered the absence of a response by September 11, 2008, as a denial, which he appealed to the Regional Director on September 16, 2008 (apparently before he received the Warden's response dated September 15, 2008).

The Warden denied administrative relief as follows:

3

> A review of this matter reveals your request for removal of the "Greatest Severity" offense from your custody classification was addressed in Remedy No. 491236-F4.  Your request for a transfer to MCC New York, was addressed in an "Inmate Request to Staff" dated July 11, 2008, in which you received the following response: "You were received at this facility as a Lesser Security Transfer from FCI Otisville, New York.  Prior to your approval to transfer to this facility your previous Unit Team requested a transfer to MCC New York, in an attempt to accommodate your request.  Due to population pressures at MCC New York, your request was denied by the DSCC, and you were placed at the closest facility possible to your family."
>
> Your allegations regarding staff have been forwarded to the appropriate parties.  You will not be advised of the outcome.  Accordingly, your request is denied.

(Pet., attachment, docket entry #1, p. 17.)

On October 10, 2008, the Northeast Regional Office rejected his appeal without prejudice on the ground that Petitioner failed to attach a copy of the Warden's response dated September 15, 2008.  Petitioner evidently appealed to the Central Office which also rejected the appeal without prejudice.

Petitioner maintains that the Unit Managers committed criminal acts, BOP officials conspired to deliberately disregard these violations, and the regional and central administrative remedy coordinators accordingly blocked his attempt to receive administrative relief, in violation of BOP regulations and his constitutional right to equal protection of law.  For relief, Petitioner seeks damages.

## **II.   DISCUSSION**

A. <u>Standard of Review</u>

"Habeas corpus petitions must meet heightened pleading requirements." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994). The Habeas Rules require a habeas petition to specify all the grounds for relief, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. <u>See</u> 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." <u>McFarland</u>, 512 U.S. at 856; <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989); 28 U.S.C. § 2243. Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." <u>See</u> 28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions through Habeas Rule 1(b).

B. <u>Jurisdiction</u>

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

5

Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 [or Bivens] action." Id. The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

In this Petition, Petitioner asserts that BOP officials committed fraud and obstruction of justice, disregarded criminal acts and constitutional violations by subordinates, denied his request for transfer to MCC Manhattan, and conspired to improperly fail to rule on the substance of his Administrative Remedy Requests regarding these matters. The problem with the Petition is that, even if this Court were to determine that the

6

BOP violated Petitioner's federal rights,[1] Petitioner would not be entitled to a writ of habeas corpus because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody."  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  Because a judgment in Petitioner's favor in this action would not affect the fact or duration of Petitioner's confinement, habeas relief is unavailable and a civil complaint is the appropriate form of remedy.  See Ganim v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (reversing district court's dismissal on merits because district court lacked jurisdiction under § 2241 to entertain prisoner's challenge to garden-variety transfer between federal prisons); Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002) (holding that habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint).

---

[1] This Court makes no finding regarding the merits of Petitioner's claim.

7

The Court will therefore dismiss the Petition without prejudice to any right Petitioner may have to assert his claim in a properly filed Bivens complaint.[2]  Id.

### III.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.

**s/ Jerome B. Simandle**
**JEROME B. SIMANDLE, U.S.D.J.**

Dated:   **January 14**   , **2009**

---

[2] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee. See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of Prison Litigation Reform Act do not apply to in forma pauperis habeas corpus petitions and appeals).  In contrast, the filing fee of a civil complaint is $350.00.  Inmates filing a Bivens action who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are deducted from the prison account. See 29 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).  Because of these differences, this Court will not sua sponte recharacterize the pleading as a civil rights complaint.